# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LORENZO STEWART, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17cv00299 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LAURENCE WANG, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Lorenzo Stewart, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment for his Hepatitis C infection (Hep C).[1] The defendants filed motions to dismiss and Stewart responded, making this matter ripe for disposition.[2] Having reviewed the record, I conclude that the motions to dismiss must be denied as to Dr. Wang and Warden Davis and granted as to Director Clarke and Unit Manager Lovern.

## I.

Stewart is an inmate at Green Rock Correctional Center and alleges that he has Hep C. Stewart states that he has discussed his Hep C with defendant Dr. Wang and has written to Dr. Wang concerning his need for treatment. Stewart alleges that Dr. Wang failed to provide medication and treatment for Stewart's Hep C for four years. Stewart claims that while waiting for treatment, he lost weight, sleep, and his appetite, and he suffers depression, bladder problems, and "a lot of stress." Stewart also named Virginia Department of Corrections Director Clarke as a defendant, but he alleges no facts against him.

---

[1] Stewart also filed a "Supplemental Brief," in which he alleges that Dr. Wang failed to provide adequate medical treatment for Stewart's middle finger. *See* Docket No. 33. I will treat this submission as a motion to amend and will grant the motion to the extent it alleges an actionable Eighth Amendment claim against Dr. Wang.

[2] Dr. Wang filed a "motion to dismiss or in the alternative for summary judgment" and attached several exhibits to the motion. A district court is only *required* to convert a motion to dismiss into one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). I decline to convert Dr. Wang's motion to dismiss into one for summary judgment and have not considered material outside of the pleadings.

In an amendment to his complaint, Stewart adds defendants Warden Davis and Unit Manager Lovern, who he describes as "people that [he] ask[s] to help [him]." Stewart alleges that Unit Manager Lovern is the "ADA Representative" and that although he is "[t]here to assist the handicap[ped]" inmates, he does not "do anything to help" them. He also alleges that Warden Davis did not respond to his request forms, but that "informal complaints and grievance[s] go to him before [they go] to the Regional Office." Along with his amendment, Stewart submits copies of various levels of administrative grievance forms that he had filed. *See* Docket No. 11. Included in the documents is a Grievance Receipt for an accepted grievance in which Stewart complains that Dr. Wang was not providing adequate medical treatment for his Hep C. *See id.* at 4.

## II.

Defendants filed motions to dismiss Stewart's complaint as amended. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must

2

be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.

### A. Dr. Wang

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the defendant's acts (or failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Objectively, the medical

3

condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating there is no expectation that prisoners will be provided with unqualified access to health care). Subjectively, deliberate indifference to a serious medical need requires proof that the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Stewart alleges a plausible Eighth Amendment claim against Dr. Wang. Stewart alleges that he has Hep C and suffers multiple symptoms of it, Dr. Wang knows that Stewart has Hep C and needs treatment, and Dr. Wang failed to provide Stewart with any medication or treatment for four years. Accepting his allegations as true and drawing all reasonable inferences in his favor, I conclude that Stewart has alleged that Dr. Wang was deliberately indifferent to Stewart's serious medical need. Accordingly, I will deny Dr. Wang's motion to dismiss.

### B. Director Clarke, Warden Davis, and Unit Manager Lovern

To state an Eighth Amendment claim of denial of medical care against non-medical personnel, such as Director Clarke, Warden Davis, and Unit Manager Lovern, an inmate must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctor's treatment, or tacitly authorized or was indifferent to the prison doctor's constitutional violation. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). A plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Prison officials without personal involvement "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.

Stewart fails to state a plausible claim for relief against Director Clarke and Unit Manager Lovern. Stewart alleges no facts against Director Clarke. And, Stewart's allegation that Unit Manager Lovern does not "do anything to help" handicapped inmates does not

4

demonstrate that he acted personally in depriving Stewart of his rights, that he failed to promptly provide Stewart with medical treatment, that he deliberately interfered with Dr. Wang's treatment, or that he tacitly authorized or was indifferent to Dr. Wang's constitutional violations. Accordingly, I will grant their motion to dismiss.

Stewart alleges a plausible claim for relief against Warden Davis. Stewart filed a grievance complaining that Dr. Wang was not providing Stewart with constitutionally adequate medical treatment for his Hep C. Stewart alleges that the grievance went to Warden Davis and that Warden Davis did not respond. Accepting Stewart's allegations as true and drawing all reasonable inferences in his favor, I conclude that Stewart has alleged that Warden Davis was indifferent to Dr. Wang's constitutional violations. Accordingly, I will deny Warden Davis' motion to dismiss.

## IV.

For the reasons stated herein, I will deny the motions to dismiss as to Dr. Wang and Warden Davis and grant the motion to dismiss as to Director Clarke and Unit Manager Lovern.

**ENTER**: This 25th day of September, 2018.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE