UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LORENZO STEWART,<br>        *Plaintiff*,<br>v.<br>LAURENCE WANG, *et al.*,<br>        *Defendants*. | CASE NO. 7:17-CV-000299<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Lorenzo Stewart, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims against various officials employed by the Virginia Department of Corrections. I previously granted portions of Defendants' motion to dismiss, dismissing Director Clarke and Unit Manager Lovern as defendants to this action, leaving only Dr. Wang and Warden Davis as Defendants. Dkts. 36–37.

  Pending before the Court is a motion for summary judgment filed on behalf of Warden Melvin Davis. Dkt. 54. Upon review of the record, I conclude that Warden Davis's motion for summary judgment should be granted. This Memorandum Opinion and accompanying Order do not address Dr. Wang's second motion for summary judgment, Dkt. 60, and that motion remains pending before the Court.

### I. BACKGROUND

  Plaintiff Lorenzo Stewart's Section 1983 complaint, as amended, Dkt. 11, set out three claims of denial of medical care in violation of the Eighth Amendment. In my prior opinions, I dismissed several defendants and summarized Stewart's remaining claims. *See, e.g.,* Dkt. 36, 51. Thus, I will offer only a brief overview of the claim against Warden Davis and the evidence in the record that bears on it.

Plaintiff, an inmate at Green Rock Correctional Center, alleges that Melvin Davis, the warden of that facility, was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff claims that Warden Davis ignored his complaints and grievances that alleged he was not receiving adequate care and treatment for his Hepatitis C.

The evidence now properly before the Court includes the affidavit of S. Massenburg, the Grievance Coordinator at Green Rock Correctional Center, Dkt. 55-1, the affidavit of Melvin Davis, Defendant and Warden of Green Rock Correctional Facility, Dkt. 55-2, the affidavit of Lorenzo Stewart, Dkt. 65, a copy of the Virginia Department of Corrections' ("VDOC") Offender Grievance Procedure ("Operating Procedure No. 866.1"), Dkt. 55-1, Encl. A, Stewart's verified complaint, Dkt. 1, Stewart's verified supplemental brief, Dkt. 33, and copies of Stewart's grievance filings as well as the responses he received, Dkt. 10, Dkt. 55-1 at 21–26.

On May 5, 2017, Plaintiff filed an informal complaint relaying his concerns about the adequacy of his treatment for his Hepatitis C, Dkt. 55-1 at 21. He received a response on May 9, 2017, from Nurse Cobbs, notifying him of his initial appointment with a hepatologist but was told that the appointment was "not a guarantee that [he] would receive treatment." *Id.* at 22. The next day, Plaintiff filed a regular grievance taking issue with Nurse Cobbs's response that he would not receive a "guarantee" of treatment and requesting a new doctor and nurse. *Id.* at 23. His regular grievance was denied at intake on May 11, 2017 by Massenburg, *id.* at 24, because Plaintiff had failed to attach his denied informal grievance to the regular grievance he submitted, *id.* at 4, ¶ 14, as required by VDOC's grievance procedures, *see* 55-1, Encl. A (Operating Procedure No. 866.1) at 13 (referencing the informal complaint as required documentation that must be attached to the submission of a regular grievance filing). The record indicates that Plaintiff attempted to appeal the intake decision of his regular grievance, but he did not do so properly. *See* Dkt. 55-1 at 25.

Operating Procedure No. 866.1 requires that any offender who seeks review of an intake decision on any grievance may appeal the decision by sending their regular grievance to the Regional Ombudsman within five calendar days of receipt of that decision. Dkt. 55-1, Encl. A, at 14. Once a regular grievance is determined to meet the standard for intake, a Level I review is conducted by the warden or superintendent of the inmate's facility. *Id.* A Level I decision informs an inmate that, when an inmate is dissatisfied with a Level I determination, the inmate may initiate a Level II appeal to the office of the Regional Director, the Health Services Director, or the Chief of Operations for Classifications and Records. *Id.* Level II is usually the final level of review, although some matters may be appealed to Level III, the office of the Deputy Director or the Director of the VDOC. *Id.*

## II. LEGAL STANDARD

Defendants move for summary judgment as to the Eighth Amendment claim against Warden Davis. Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 250.

The moving party bears the burden of proving that judgment on the pleadings is

appropriate. *Celotex Corp. v. Catretti*, 477 U.S. 317, 322–23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the Court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 322–24; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1993).

### III. DISCUSSION

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). There must be exhaustion even where administrative remedies would not provide the relief the inmate seeks. *Davis v. Stanford*, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005).

To comply with § 1997e(a), an inmate must properly follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure before filing his action. *See Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006) (finding inmate's untimely grievance was not "proper exhaustion" of available administrative remedies

4

under § 1997e(a)). Failure to exhaust is an affirmative defense that defendant has the burden of pleading and proving. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). However, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available if a prisoner adduces facts that demonstrate "through no fault of his own, [he] was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Warden Davis has put forth evidence that Plaintiff failed to properly appeal the denial of his intake decision and Plaintiff has not pointed to any evidence in the record to rebut that fact. Warden Davis points to Plaintiff's letter attempting to appeal Massenburg's intake decision on his regular grievance, stating that Plaintiff did not file his appeal with the Regional Ombudsman, as Operational Procedure No. 866.1 requires. Instead, Massenburg's affidavit states that Plaintiff improperly filed this appeal with the Health Services Director. Dkt. 55-1 at 4, § 14. What is more, the appeal itself was addressed to the "Director," rather than the Regional Ombudsman, and the Office of Health Services stamped the letter as received on June 20, 2017. Dkt. 55-1 at 25.

VDOC's response to Plaintiff's appeal of the intake decision on his regular grievance was written on two post-it notes attached to his appeal submission and signed with the unintelligible scrawl of the reviewer's initials. Dkt. 55-1 at 26. Nevertheless, the comments included in VDOC's response reinforce the idea that Plaintiff's appeal was improperly made to the Health Services Director rather than to the Regional Ombudsman. Specifically, Plaintiff was told that his appeal was missing the original informal complaint as well as the Level I grievance response from his detention facility. Dkt. 55-1 at 26. The Regional Ombudsman, who reviews intake appeals, would not require the detention facility's Level I determination on the merits of the grievance as part of an appeal. This is because the intake appeals process occurs before a Level I determination has

been made. *See id.* at 14 (outlining intake appeal procedure and substantive appeal procedure pursuant to Operating Procedure 866.1). The Health Services Director, however, is responsible for Level II appeals and would have required Plaintiff to submit a Level I decision on his grievance before reviewing his appeal. *See id.* at 15. That the reviewer told Plaintiff he needed to include a Level I facility response in his appeal package provides further evidence that the Health Services Director was the one who reviewed his appeal, not the Regional Ombudsman. Logically, this points the Court to the conclusion that Plaintiff improperly appealed his intake decision to the Health Services Director, rather than to the Regional Ombudsman as Operating Procedure 866.1 requires.

> Plaintiff states in a letter to the Court that
>
> everything I sent to the courts is in order. Mrs. Massenburg don't let anything go outside of this building, she helps her workers to hurt us here and as for Warden Davis he knew everything I've talk[ed] to him so many times I sent him request forms that he does not respon[d] to. All of my paper work is in order I did the right operating procedure, but when we here at Green Rock write an informal she does not sen[d] it back to us in the time [frame] it's suppose[d] to be in.

Dkt. 57 at 1. The Court first reiterates that this letter does not constitute evidence properly before the Court, as it is neither notarized or an unsworn declaration. *See supra* note 1. But even if it did, Plaintiff's concern does not address the deficiency that led to his failure to properly exhaust his remedies: his failure to appeal the intake decision to the Regional Ombudsman rather than the Health Services Director. What is more, there are unrebutted indications in the record that suggest that Plaintiff did in fact receive his denied informal grievance filed May 4, 2017, Dkt. 55-1 at 21, in time to file his regular grievance and subsequent appeal. First, his regular grievance was filed the day after his informal grievance was denied. *See id*. at 23. Second, after his regular grievance was denied at intake for failure to attach his informal complaint, he made no reference in his subsequent appeal to the grievance office's failure to return the informal grievance, as one might

expect. *See id.* at 24–25. Rather, all of his arguments in the appeal focused on the merits of the grievance.

Plaintiff has failed to point to any competent, admissible evidence to counter Defendant's claim that he has failed to meet the PLRA's exhaustion requirement. *See Pickens v. Lewis*, No. 1:15-cv-275, 2017 WL 3277121, at *3–4 (W.D.N.C. Aug. 1, 2017) (granting summary judgment against prisoner plaintiff where plaintiff could only point to unsworn, conclusory allegation that defendant interfered with his ability to exhaust his administrative remedies). Because the record demonstrates that Plaintiff did not properly file the appeal of his intake decision with the Regional Ombudsman, the Court finds that he failed to exhaust his administrative remedies before bringing his Eighth Amendment claim against Warden Davis to this Court. *Oliver v. Va. Dep't of Corrs.*, No. 3:09-cv-00056, 2010 WL 1417833, at *5 (W.D. Va. Apr. 6, 2010) (holding that Plaintiff who failed to appeal grievance intake decision to VDOC Regional Ombudsman failed to exhaust remedies as required by the PLRA); *see Ngo*, 548 U.S. at 90–94 (upholding district court's finding that plaintiff failed to properly exhaust all available administrative remedies where initial grievance was rejected because it was not filed within the fifteen-working-day period prescribed by the regulations of the California Department of Corrections); *Davis v. Stanford*, 382 F. Supp. 2d 814, 818 (E.D. Va. 2004) (Virginia inmates are required to exhaust claims in accordance with the grievance procedures established by the VDOC), *affirmed by* 127 F. App'x 680 (affirming "for the reasons stated by the district court"). Accordingly, the Court will award Warden Davis summary judgment on the claim Plaintiff has brought against him.

## Conclusion

The Court finds that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA. In an accompanying Order, the Court will grant Defendant Warden Davis's motion for summary judgment and the Plaintiff's claim against him will be dismissed without prejudice.

An appropriate Order will issue.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to Plaintiff and all counsel of record.

Entered this __26th__ day of May 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE