IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LORENZO STEWART,** | ) | **Civil Action No. 7:17CV00299** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **<u>MEMORANDUM OPINION</u>** |
| | ) | |
| **LAURENCE WANG,** | ) | **By: Norman K. Moon** |
| **Defendant.** | ) | **Senior United States District Judge** |

Lorenzo Stewart, a Virginia inmate proceeding *pro se*, filed this civil rights action

pursuant to 42 U.S.C. § 1983.[1]  After the entry of several other opinions and orders that either

dismissed claims or granted defendants' motions for summary judgment, there is only a single §

1983 claim remaining in the case: Stewart's claim that Dr. Wang failed to timely treat an injury

to Stewart's left middle finger.  (*See* Dkt. No. 33 (verified complaint setting forth claim).)

Pending before me is Dr. Wang's motion for summary judgment.  (Dkt. No. 60.)  Upon

review of the record, and for the reasons stated herein, I conclude that the motion should be

granted.

## I.   FACTUAL BACKGROUND

The evidence before me includes Stewart's verified complaint regarding this claim (Dkt.

No. 33),[2] a declaration from Dr. Wang, Stewart's medical records from the relevant time period,

and an affidavit filed by Stewart in opposition to the motion for summary judgment.  (Dkt. No.

65.)[3]

---

[1]  I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted.
*See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2]  A verified complaint by a *pro se* prisoner can be considered as an affidavit in opposition to summary
judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d
820, 823 (4th Cir. 1991).

[3]  Stewart also has submitted a second "affidavit," (Dkt. No. 63), but it is not signed under penalty of perjury
and is not competent summary judgment evidence. *See* Fed. R. Civ. P. 56(c).  Regardless, even if I were to treat the
statements therein as evidence, doing so would not affect my ruling.

Dr. Wang is a medical doctor licensed in Virginia.  From 2007 to 2009, he was a contract physician of the Virginia Department of Corrections ("VDOC") at Green Rock Correctional Center, and, since 2009, he has been employed directly by VDOC  (Wang Decl. ¶¶ 1–2, Ex. A to Mem. Supp. Mot. Summ. J., Dkt. No. 61-1.)  Dr. Wang saw Stewart four times for complaints related to his left middle finger.

First, on March 14, 2018, Stewart complained of pain in his left hand and middle finger. Although Dr. Wang's  exam revealed mild tenderness on palpation, Stewart's range of motion, based on finger flexion and extension tests, was normal.  Dr. Wang nonetheless referred Stewart for an x-ray of his hand.  The x-ray result was normal.  Specifically, the radiologist listed as "findings":

> There is no evidence of acute fracture, dislocation, or osseous
> lesion.  Carpal and metacarpal bone alignment is normal, and the
> joint spaces are preserved.  The adjacent soft tissues appear
> unremarkable.

(Dkt. No. 61-1 at 5 (March 14, 2018 radiology report).)  Under "impression," the radiologist wrote, "Normal left hand."  (*Id.*)

Approximately one month later, on April 24, 2018, Stewart complained to Dr. Wang again regarding his finger, saying that it would "lock up."  Dr. Wang again performed a physical exam, and all of the results of the exam were normal.  There also were no signs of tenderness or swelling.  Dr. Wang prescribed "conservative" treatment, advising Stewart to engage in range-of-motion exercises.  On April 30 2018, Stewart was seen by Dr. Wang for chronic issues and did not complain at all about his left hand or his middle finger.  (Wang Decl. ¶¶ 9–10.)

On June 27, 2018, Stewart again complained to Dr. Wang about his finger.  Despite his physical exam, which again showed a normal range of motion and no signs of tenderness or

swelling, Dr. Wang prescribed pain medication for Stewart and again recommended that Stewart perform range-of-motion exercises.  (*Id.* ¶ 11.)

August 7, 2018 was essentially a repeat of the June 27 appointment.  Stewart complained of pain and movement issues in his finger, but his physical exam showed normal range of movement, lack of tenderness, and lack of swelling.  Dr. Wang nonetheless refilled Stewart's pain medication for an additional two months and again recommended range-of-motion exercises.  (*Id.* ¶ 12.)

Thereafter, Stewart made no further complaints to Dr. Wang about his finger, despite meeting with him for other medical issues.  (*Id.* ¶ 13.)

Dr. Wang avers that "[a]t no time was Mr. Stewart having serious symptoms related to fingers on his left hand" and there was "no medical reason," based on the x-rays and physical exams, to refer him for an MRI.  (*Id.* ¶ 15.)  He further avers that at all times, his treatment of Stewart's finger and left hand (and treatment by the Green Rock Correctional Center medical staff) "was in line with and met the applicable standard of care."  (*Id.* ¶ 17.)

Notably, Stewart filed an unsworn document titled as an "affidavit" in opposition to the summary judgment motion, but it does not counter any of Dr. Wang's evidence.  It refers to other medical issues and complains generally about Dr. Wang's lack of care for the patients at Green Rock.  The only reference to his finger is the following statement: "My finger is still not up to part [sic] the tips of my fingers are messed up as I write to you."  (Opp'n 1, Dkt. No. 63.)

Stewart also has filed two additional documents (although he did not seek permission to file them).  (Dkt. No. 65, 66.)  In one, an affidavit, he states that he has "been trying to get Dr. Wang to send [him] out about [his] hand for months now" but seems to say that Dr. Wang is

putting him off.  (Stewart Aff. at 1, Dkt. No. 65.)[4]

In the second, Stewart again complains generally about Dr. Wang's alleged lack of care for the prisoners and alleged failure to do his job.  (Dkt. No. 66.)  He also alleges that Dr. Wang will not send him for outside treatment because of the cost.  He implores the court to direct "Dr. Wang to do the job he was hired to do" and to not allow Dr. Wang "to keep getting away with all the harm that he does to a lot of people."  (*Id.* at 2.)

Stewart's verified complaint suggests that Dr. Wang should have sent him to a specialist for an MRI.  It states that the condition of his finger "worsened" and "became even more painful and swollen" from the lack of additional treatment.  (Dkt. No. 33 at 1.)  He also alleges that his middle finger is "clearly bent out of shape in a downward position" and is "swollen at all times." (*Id.* at 1–2.)

## II.   DISCUSSION

### A.  Summary Judgment Standard

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).  In making that determination, I must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party."  *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

---

[4]  Stewart's affidavit also states that Dr. Wang lied in his declaration when he stated that he saw Stewart holding a book without difficulty.  Stewart contends that the only hand he can hold anything in he uses to hold his cane and that he cannot hold a book with his left hand. (Stewart Aff. at 1.)  This, dispute, however, does not preclude summary judgment.  My decision does not rely at all on Dr. Wang's testimony about Stewart holding a book without difficulty.

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48.  Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor.  *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

## B.  Stewart's Eighth Amendment Claim

In order to state an Eighth Amendment claim based on the denial of medical care, a plaintiff must demonstrate that the defendant's acts (or failure to act) amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This requires a showing of two elements.  First, the plaintiff must provide evidence showing that he suffered from an objectively serious medical need.  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (explaining that the requirement that a particular medical need be "serious" stems from the fact that "society does not expect that prisoners will have unqualified access to health care").

Second, to show deliberate indifference, the plaintiff must show that subjectively, the defendant was aware of the need for medical attention but failed to either provide it or ensure the needed care was available.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

5

*Estelle*, 429 U.S. at 106.  Instead, the defendant's disregard for the plaintiff's medical condition must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013).

The undisputed facts here show that Stewart cannot establish either prong of his deliberate indifference claim.  First of all, a stiff, swollen, and even painful middle finger is generally not a "serious medical need."  Indeed, "[n]umerous district courts have held that a broken finger is generally not a sufficiently serious medical need to support an Eighth Amendment violation." *Jacobs v. Wilson*, No. 3:13-CV-89, 2014 WL 3700553, at *5 (N.D. W. Va. July 24, 2014) (collecting authority)  Here, x-rays showed that Stewart's finger was not even broken, and repeated medical exams showed a normal range of motion and no swelling or tenderness.  Thus, he has failed to identify a "serious medical need."

The evidence before me is also insufficient to allow a jury to find that Stewart has established the subjective prong of his Eighth Amendment claim.  As noted, to establish deliberate indifference, Stewart must show that Dr. Wang's conduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson*, 536 F. App'x at 357.  The first time that Stewart reported his pain to Dr. Wang, Dr. Wang ordered x-rays, which came back normal.  Each time thereafter that Stewart complained, Dr. Wang performed a physical exam, but the results were always normal. Dr. Wang prescribed conservative treatment measures, beginning with range-of-motion exercises, and also including pain medication.

Stewart may have wanted Dr. Wang to do more, but his disagreement with Dr. Wang's treatment does not give rise to a constitutional violation. *See Jackson v. Lightsey*, 775 F.3d 170,

178 (4th Cir. 2014) (finding that the prisoner's claim was "essentially a disagreement between an inmate and a physician over the inmate's proper medical care, and we consistently have found such disagreements to fall short of showing deliberate indifference").  "If a medical provider has a legitimate medical reason for a certain course of treatment, an inmate's disagreement with the treatment is not sufficient to succeed on an Eighth Amendment claim." *Sims v. Clarke*, No. 7:18-cv-00444, 2019 WL 6534162, at *3 (W.D. Va. Dec. 4, 2019) (citations omitted).  Dr. Wang's declaration and Stewart's medical records establish that Dr. Wang had legitimate medical reasons for the treatment he provided for Stewart's finger.

Stewart's verified complaint asserts that the pain worsened and he claims that his finger, at the time he filed his complaint, was bent out of shape and remained swollen.  But these statements do not create a dispute of fact as to whether Dr. Wang was deliberately indifferent.  First of all, Stewart's statements do not directly refute the objective results of Dr. Wang's physical exams or the notations in Stewart's records that there was not swelling or tenderness, or any problems with the range of motion in the last three appointments when the issue was discussed.  As another judge of this court has explained, a plaintiff's "bare speculation, without supporting medical evidence, of a need for different or additional treatment is not sufficient to establish deliberate indifference." *Kinard v. Holloway*, No. 7:14CV00230, 2015 WL 5656982, at *8 (W.D. Va. Sept. 24, 2015).

Second, to the extent that Stewart's allegations concerning his ongoing pain suggest that Dr. Wang's treatment was ineffective, that at most would show malpractice or negligence, but it does not show deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).  In short, there are no facts from which a reasonable jury could find Dr. Wang subjectively knew of a serious risk to Stewart and was deliberately indifferent to that risk.

Because Stewart cannot establish either element of his claim, Dr. Wang is entitled to summary judgment as to Stewart's § 1983 claim.  To the extent that Stewart's complaint asserts any state law claims, I decline to exercise jurisdiction over them.  *See* 28 U.S.C. § 1367(c).

### III.  CONCLUSION

For the reasons stated, I will grant Dr. Wang's motion for summary judgment as to Stewart's claim related to Stewart's left middle finger.   An appropriate order will be entered.

**ENTER**: This  22nd_ day of July, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE